IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| PLATSAS GROUP HOLDINGS, LLC & <br> PLATSAS PROPERTIES LLC <br> *Plaintiff,* <br><br> v. <br><br> WEISER, LLC & STATE AUTO <br> PROPERTY & CASUALTY <br> INSURANCE COMPANY <br> *Defendant.* | § <br> § <br> § <br> § <br> § <br> § <br> § <br> § <br> § <br> § | CIVIL ACTION NO. 4:20-cv-01489 |

## NOTICE OF REMOVAL

Defendant State Auto Property and Casualty Insurance Company ("Defendant"), through undersigned counsel and pursuant to 28 U.S.C. §§ 1332, 1441 and 1446, files this Notice of Removal of the lawsuit captioned *Platsas Group Holdings, LLC & Platsas Properties LLC v. Weiser, LLC & State Auto Property and Casualty Insurance Company*; Cause No. 2020-23052; In the 133rd Judicial District of Harris County, Texas.

## I.
## BACKGROUND

1. Plaintiffs Platsas Group Holdings, LLC and Platsas Properties, LLC (hereinafter "Plaintiffs") initiated the present action by filing their Original Petition in Cause No. 2020-23052; In the 133rd Judicial District of Harris County, Texas on April 13, 2020 (the "State Court Action"). *See* Plaintiffs' Original Petition, attached as **Exhibit A**

2. Defendant appeared and answered on April 27, 2020, asserting a general denial to the claims and allegations made in Plaintiffs' Original Petition. *See* Defendant's Original Answer, attached as **Exhibit B**.

3. To date, on information end belief, Co-defendant Weiser, LLC has not been served. In the alternative, Weiser, LLC has been improperly joined. Thus the consent of Weiser, LLC is not needed for removal.[1]

4. Pursuant to 28 USC § 1446(a) all a copy of all process, pleadings, and orders served upon Defendant in the State Court Action are incorporated in **Exhibit A**. Pursuant to Local Rule 81, a full copy of the state court file has been requested and will be filed upon receipt. Pursuant to Southern District of Texas Local Rule 81(4), the State Court Action docket sheet is attached as **Exhibit C**.

5. Pursuant to 28 U.S.C. § 1446(d), promptly after filing this Notice of Removal, Defendant will give written notice of the removal to Plaintiffs through their attorney of record, and to the clerk of the 133rd Judicial District Court of Harris County, Texas.

6. Pursuant to 28 USC §§ 1446(b)(1) and 1446(c)(1) this Notice of Removal has been timely filed within 30 days of service on Defendant of Plaintiffs' Original Petition and less than one year after the commencement of this action.

## II.
## JURISDICTION

7. This Court has original jurisdiction pursuant to 28 U.S.C. § 1332, and the matter is removable to this Court pursuant to 28 U.S.C. § 1441(a) because there is complete diversity of citizenship between the properly joined parties and the amount in controversy exceeds $75,000 exclusive of interest and costs.

**A.    Diversity of Parties**

---

[1] 28 U.S.C. 1446(b)(2)(A); *Jernigan v. Ashland Oil Inc*., 989 F.2d 812, 815 (5th Cir. 1993) (where fraudulent or improper joinder is applicable, an allegedly improperly joined defendant need not join in or consent to removal, and the removing defendant need not explain the absence of consent.)

8. Plaintiffs Platsas Group Holdings, LLC and Platsas Properties, LLC are reportedly Texas limited liability companies.[2] Citizenship of a limited liability company is determined by the citizenship of all of its members.[3] A diligent search of publicly available information on the members of Platsas Group Holdings, LLC and Platsas Properties, LLC have been conducted and Loannis G. Platsas and Patricia Platsas of Houston, Texas are the only members of each entity who can be identified based on public records. The Certificates of Formation filed by Platsas Group Holdings, LLC and Platsas Properties, LLC both identify only Loannis G. Platsas and Patricia Platsas of Houston, Texas as the only members. The Texas Franchise Tax Public Information Reports for the report year 2019 filed by Platsas Group Holdings, LLC and Platsas Properties, LLC with the Texas Secretary of State lists only Loannis G. Platsas and Patricia Platsas of Houston, Texas as members. Loannis G. Platsas and Patricia Platsas are, based on information and belief, citizens of the State of Texas. No other members of Platsas Group Holdings, LLC and Platsas Properties, LLC were discovered through a diligent search and review of publicly available records and Defendant has no reason to believe that any members share the citizenship of Defendant. Based on information and belief after diligent inquiry, and pursuant to 28 U.S.C. § 1332(a), Plaintiffs Platsas Group Holdings, LLC and Platsas Properties, LLC are citizens of the state of Texas.

9. State Auto Property and Casualty Insurance Company is organized under the laws of Ohio and maintains its principal place of business in Ohio. Pursuant to 28 U.S.C. § 1332(c)(1), therefore, Defendant is a citizen of the State of Ohio.

---

[2] Plaintiff's Original Petition states that Plaintiffs are Texas Limited Liability Companies. *See* Exhibit A, Plaintiff's Original Petition, at ¶¶ 1-2.

[3] *MidCap Media Finance,* 929 F.3d at 314; *Harvey*, 542 F.3d at 1080.

10. Co-defendant Weiser, LLC is reportedly a Texas limited liability company.[4] A diligent search of publicly available information on the members of Weiser, LLC has been conducted and Larry J. Weiser of Houston, Texas, Eric B. Weiser of Houston, Texas, and Steven M. Kampwerth of Richmond, Texas, are the only members who can be identified based on public records. Based on information and belief after diligent inquiry, and pursuant to 28 U.S.C. § 1332(a), Co-defendant Weiser, LLC is a citizen of the state of Texas. However, to date, on information and belief, Co-defendant Weiser, LLC has not been served and thus is not "properly joined and served" pursuant to 28 U.S.C. 1441(a).[5] In the alternative, as set forth below, Weiser, LLC has been improperly joined.

11. Accordingly, there is complete diversity between the properly joined parties pursuant to 28 U.S.C. § 1332(a).

### i. Improper Joinder of Co-defendant Weiser, LLC

12. A defendant is improperly joined if the moving party establishes that (1) the plaintiff has stated a claim against a defendant that it improperly alleges is non-diverse, or (2) the plaintiff has not stated a claim against a defendant that it properly alleges is non-diverse.[6] Because the members of co-defendant Weiser, LLC appear to be non-diverse, only the latter option is implicated in this case.

13. A non-diverse defendant is improperly joined if "there is no reasonable basis for the district court to predict that the plaintiff might be able to recover against" the non-diverse

---

[4] Plaintiff's Original Petition states that Plaintiffs are Texas Limited Liability Companies. *See* Exhibit A, Plaintiff's Original Petition, at ¶ 3.

[5] Tex. Brine Co., L.L.C. v. Am. Arbitration Ass'n, 2020 U.S. App. LEXIS 10849 (5th Cir., April 7, 2020)

[6] *Int'l Energy Ventures Mgmt., LLC v. United Energy Grp., Ltd.*, 818 F.3d 193, 208 (5th Cir. 2016).

defendant.[7] A non-diverse defendant is improperly joined if there is merely a theoretical possibility of recovery.[8] Courts may "conduct a Rule 12(b)(6)-type analysis, looking initially at the allegations of the complaint to determine whether the complaint states a claim" against the non-diverse defendant.[9] Under such analysis, the critical question is whether the allegations of Plaintiff's Original Petition "contain[s] sufficient factual matter, accepted as true, to state a claim to relief under Texas law."[10] In undertaking this decision, courts are to apply the federal pleading standards to the asserted state court claims.[11] The facts supporting removal must be judged at the time of removal.[12] A plaintiff's obligation to provide the grounds for entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do.[13] Put simply, the plaintiff must plead "enough facts to state a claim to relief that is plausible on its face."[14]

14. In this case, Plaintiffs have asserted causes of action against co-defendant Weiser, LLC, their insurance sales agency, for violations of Texas Deceptive Trade Practices Act ("DTPA"), Fraud, violations of the Texas Insurance Code Chapter 541, breach of fiduciary duty, fraudulent

---

[7] *Id.* at 200 (citing *Smallwood v. Ill. Cent. R.R. Co.*, 385 F.3d 568, 573 (5th Cir. 2004)); *see also Mumfrey v. CVS Pharmacy, Inc.*, 719 F.3d 392, 401 (5th Cir. 2013).

[8] *Kling Realty Co. v. Chevron USA, Inc.*, 575 F.3d 510, 513 (5th Cir. 2009) (quoting *Campbell v. Stone Ins. Inc.*, 509 F.3d 665, 669 (5th Cir. 2007)).

[9] *Kling Realty Co.*, 575 F.3d at 513.

[10] *Trang v. Bean*, 600 Fed. App'x 191, 193 (5th Cir. 2015) (internal citations omitted).

[11] *Int'l Energy Ventures*, 818 F.3d at 200-08.

[12] *Gebbia v. Wal-Mart Stores, Inc.*, 233 F.3d 880, 883 (5th Cir. 2000).

[13] *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). Importantly, a court is not to strain to find inferences favorable to the plaintiff and is not to accept conclusory allegations, unwarranted deductions, or legal conclusions. *R2 Invs. LDC v. Phillips*, 401 F.3d 638, 642 (5th Cir. 2005).

[14] *Twombly*, 550 U.S. at 570.

concealment, and conspiracy.[15] The factual allegations against Weiser LLC appear to indicate that Weiser LLC failed to adjust Plaintiff's insurance claim. However, Weiser LLC had no duty to adjust Plaintiffs' insurance claim. Insurance sales agencies like Weiser LLC may be liable under Chapter 541 of the Texas Insurance Code and the DTPA only under "appropriate circumstances," limited to "when the agent misrepresents specific policy terms prior to a loss, and the insured's reliance upon that misrepresentation actually causes the insured to incur damages."[16] Here, Plaintiff has failed to plead any facts under which a viable Chapter 541 or DTPA claim could be made against Weiser LLC. Moreover, Plaintiff cannot maintain a breach of fiduciary duty claim against Weiser LLC, who owed Plaintiffs no fiduciary duties, and has failed to adequately plead a factual basis to support is causes of action against Weiser LLC under Fed. R. Civ. P. 8(a) and 9(b). Finally, Plaintiff's claims against Weiser, LLC are bared by the applicable limitations periods. Thus, Weiser, LLC was improperly joined to this action. Because Plaintiffs have failed to plead specific actionable conduct against Weiser, LLC or facts sufficient to support its causes of action against Weiser LLC, Plaintiffs have failed to state any claim for relief rendering removal proper on the basis that Weiser, LLC was improperly joined.

**B.     Amount in Controversy**

15.     It is facially apparent from Plaintiffs' live petition that the amount in controversy in this case exceeds $75,000 rendering removal proper. Generally, "the sum demanded in good faith in

---

[15] *See* Plaintiffs' Original Petition, attached as **Exhibit A**, ¶¶ 56-104.

[16] *Griggs v. State Farm Lloyds,* 181 F. 3d 694, 701 (5th Cir. 1999) (emphasis added) (citing *Liberty Mutual Ins. Co. v. Garrison Contractors, Inc.*, 966 S.W.2d 482 (Tex. 1998); and *State Farm Fire & Casualty Co. v. Gros*, 818 S.W.2d 908 (Tex. App. – Austin 1991, no writ)); *see also Avila v. State Farm Fire & Cas. Co.*, 147 F. Supp. 2d 570, 581 (W.D. Tex. 1999) (holding that an insurance agent has no duty under Texas law to explain policy terms to an insured).

the initial pleading shall be deemed to be the amount in controversy."[17] Removal is proper if it is "facially apparent" from the complaint that the claims asserted exceed the jurisdictional amount.[18] In addition, penalties, exemplary damages, and attorneys' fees are included as part of the amount in controversy.[19]

16. Here, Plaintiffs seek "monetary relief from Defendants over $200,000 but not more than $1,000,000." Exhibit A, Plaintiffs' Original Petition, at ¶ 7. Plaintiffs further state that they have suffered damages totaling $183,940.88, and that damages resulting from alleged DTPA violations amount to no less than $200,000. *Id*. at ¶¶ 46, 61. The threshold for diversity jurisdiction, $75,000, is therefore met by the allegations of Plaintiffs' Original Petition

17. Plaintiffs further seek compensation for (1) actual damages, (2) consequential damages, (3) treble damages, (4) exemplary damages; (5) attorney's fees; and (6) pre- and post-judgment interest. *Id.* at § XVIII, Prayer. Plaintiffs have alleged that Defendant's conduct was wrongful and done knowingly, entitling it to a trebling of actual damages under Texas Insurance Code Chapter 541. *See* **Exhibit A,** ¶ 62; Tex. Ins. Code sections 541.002 & 541.152. Penalties, exemplary damages, and attorneys' fees are included as part of the amount in controversy.[20]

18. The amount in controversy plainly exceeds $75,000, exclusive of interest and costs. *See* **Exhibit A**. Accordingly, the amount in controversy requirement of 28 U.S.C. § 1332(b) is satisfied.

---

[17] 28 U.S.C. § 1446(c)(2); *see also Santiago v. State Farm Lloyds*, No. 7:13-CV-83, 2013 WL 1880845, at *1 (S.D. Tex. May 3, 2013).

[18] *Puckitt v. Wells Fargo Bank, N.A.*, No. G-09-0056, 2010 WL 2635626, at *3 (S.D. Tex. June 28, 2010) (citing *Allen v. R&H Oil & Gas Co.*, 63 F.3d 1326, 1335 (5th Cir. 1995)).

[19] *See H&D Tire & Automotive-Hardware, Inc. v. Pitney Bowes Inc.*, 227 F.3d 326, 330 (5th Cir. 2000); *see also St. Paul Reinsurance Co. v. Greenberg,* 134 F.3d 1250, 1253 (5th Cir. 1998).

[20] *See H&D Tire & Automotive-Hardware, Inc. v. Pitney Bowes Inc.*, 227 F.3d 326, 330 (5th Cir. 2000); *see also St. Paul Reinsurance Co. v. Greenberg,* 134 F.3d 1250, 1253 (5th Cir. 1998).

## III.
## CONCLUSION

19. Removal of this action under 28 U.S.C. § 1441(a) is proper as the district courts of the United States have original jurisdiction over the matter pursuant to 28 U.S.C. § 1332, and as all requirements for removal under 28 U.S.C. § 1446 have been met.

20. WHEREFORE, Defendant State Auto Property and Casualty Insurance Company hereby provides notice that this action is duly removed.

Respectfully submitted,

*/s/ Patrick M. Kemp*
Patrick M. Kemp
Texas Bar No. 24043751
Southern District No. 38513
pkemp@smsm.com
Segal McCambridge Singer & Mahoney
100 Congress Avenue, Suite 800
Austin, Texas 78701
(512) 476-7834
(512) 476-7832 – Facsimile

**ATTORNEY IN-CHARGE FOR DEFENDANT STATE AUTO PROPERTY AND CASUALTY INSURANCE COMPANY**

OF COUNSEL:
Robert G. Wall
Texas Bar No. 24072411
Southern District No. 1117137
rwall@smsm.com
Jacob S. Jones
Texas Bar No. 24101975
Southern District No. 3444665
jjones@smsm.com
Segal McCambridge Singer & Mahoney
100 Congress Avenue, Suite 800
Austin, Texas 78701
(512) 476-7834
(512) 476-7832 – Facsimile

## **CERTIFICATE OF SERVICE**

This is to certify that a true and correct copy of the foregoing instrument has been served electronically and via regular mail this the 27th day of April, 2020 to:

Craig Welscher
Nicholas T. Martinez
The Welscher Martinez Law Firm
1111 North Loop West, Suite 702
Houston, Texas 77008
nmartinez@twmlawfirm.com

　　　　　　　　　　　　　　　　　　　　　　　 */s/ Patrick M. Kemp*
　　　　　　　　　　　　　　　　　　　　　　　Patrick M. Kemp