# Exhibit A

Case 4:20-cv-01489   Document 1-1   Filed on 04/27/20 in TXSD   Page 2 of 16

4/13/2020 3:06 PM
Marilyn Burgess - District Clerk Harris County
Envelope No. 42270157
By: Carolyn Overton
Filed: 4/13/2020 3:06 PM

CAUSE NO. _____

| | | |
|---|---|---|
| PLATSAS GROUP HOLDINGS, LLC & | § | IN THE DISTRICT COURT OF |
| PLATSAS PROPERTIES LLC, | § | |
|     PLAINTIFFS, | § | |
| | § | |
| V. | § | OF HARRIS COUNTY, TEXAS |
| | § | |
| WEISER, LLC & STATE AUTO | § | |
| PROPERTY & CASUALTY | § | |
| INSURANCE COMPANY, | § | |
|     DEFENDANTS. | § | _____ JUDICIAL DISTRICT |

## PLAINTIFFS' ORIGINAL PETITION

Plaintiffs PLATSAS GROUP HOLDINGS, LLC & PLATSAS PROPERTIES LLC (collectively, "Plaintiff") file this Plaintiffs' Original Petition against Defendants WEISER, LLC ("Weiser") and STATE AUTO PROPERTY & CASUALTY INSURANCE COMPANY ("State Auto") (Weiser and State Auto are collectively "Defendants") and for cause of action would show the following:

### I.  PARTIES

1. Plaintiff, PLATSAS GROUP HOLDINGS, LLC, is a Texas limited liability company.

2. Plaintiff, PLATSAS PROPERTIES LLC, is a Texas limited liability company.

3. Defendant, WEISER, LLC, is a Texas limited liability company doing business in the State of Texas and may be served with process by serving their registered agent Larry J. Weiser at 1500 Bingle Road, Houston, Texas 77055, or wherever they may be found.

4. Defendant, STATE AUTO PROPERTY & CASUALTY INSURANCE COMPANY, is an insurance company doing business in the State of Texas and may be served with process by serving their registered agent Corporation Service Company at 211 East 7th Street, Suite 620, Austin, Texas 78701-3218

1

5. In the event any parties are misnamed or are not included herein, Plaintiff contends that such was a "misidentification," "misnomer," and/or that such parties are/were "alter egos" of the parties named herein.

## II. JURISDICTION

6. The Court has jurisdiction over the lawsuit because the amount in controversy exceeds this court's minimum jurisdictional requirements.

7. Plaintiff seeks monetary relief from Defendants over $200,000.00 but not more than $1,000,000.00, including damages of any kind, penalties, costs, expenses, pre-judgment interest, and attorney's fees. TEX. R. CIV. P. R. 47(C)(4).

## III. VENUE

8. Venue is permissive in Harris County under Texas Civil Practice and Remedies Code § 15.002(1) because all or a substantial part of the events or omissions giving rise to the claim occurred in Harris County, Texas.

## IV. DISCOVERY CONTROL PLAN

9. Plaintiff intends to conduct discovery under Discovery Plan III.

## V. REQUEST FOR DISCLOSURE

10. Under Texas Rule of Civil Procedure 194, Plaintiff requests that Defendants disclose, within 50 days of service of this request, the information or material described in Rule 194.2(a)-(l).

## VI. FACTUAL BACKGROUND

11. Plaintiff operates a well-established and popular restaurant in Houston's Midtown area at 318 Tuam St., Houston, Texas 77006 (the "Property").

2

12. As a restaurant, it is imperative that the Property be in good repair, capable of accepting customers throughout the day.

13. Without a functioning building, it is impossible for Plaintiff's business to operate and make a profit.

14. Natural disasters, especially hurricanes, are a part of business along the Gulf Coast.

15. As such, Plaintiff has always made sure to carry risk insurance to better prepare for a disaster that could ruin Plaintiff's business.

16. Plaintiff obtained insurance through Weiser to protect their business.

17. Plaintiff believed that Weiser would represent Plaintiff's best interests based on Weiser's representations that they were experienced and capable in representing local Houston restaurants.

18. On or about August 26, 2017, Hurricane Harvey hit the Texas Gulf Coast, causing immense damage throughout Texas.

19. The Property suffered extensive water damage during Hurricane Harvey (the "Incident"), damaging numerous portions of the Property.

20. At the time of the Incident, Plaintiff insured the Property through Weiser and had an active insurance policy in place.

21. That insurance policy was with State Auto. Plaintiff promptly notified Weiser of the Incident and State Auto acknowledged their receipt of the claim soon after.

22. Plaintiff also promptly made temporary patch repairs to the Property to prevent further damage.

23. During the month of September 2017, Weiser sent their representative and agent Mason McEntire to inspect the Property and the damages suffered by Plaintiff.

24. Plaintiff showed Mr. McEntire the specific areas of the Property that were damaged and how severe the water damage was.

25. Mr. McEntire also took pictures of the damage when he was at the Property.

26. After touring the damaged Property, Mr. McEntire represented to Plaintiff that he would work on the claim with Plaintiff and State Auto.

27. Also, during September 2017, State Auto's representative, agent, and adjuster Ryan Garrett inspected the Property with Plaintiff.

28. Similar to Mr. McEntire's visit, Mr. Garrett witnessed the extent of the damages to the Property and took photographs of the damages.

29. Plaintiff provided copies of invoices for repairs and some estimates received, but those documents did not constitute the entire amount of the claim.

30. Mr. Garrett from State Auto requested additional documentation, including contractors' bids, to finalize the claim.

31. Plaintiff proceeded to research contractors for the next few months in an attempt to obtain bids.

32. Due to Hurricane Harvey's widespread havoc, it was difficult for Plaintiff to obtain bids quickly, as contractors throughout Texas were extremely busy in cleaning up the aftermath.

33. Plaintiff went through multiple different contractor bids before they were able to find a suitable and appropriate bid.

34. In 2018, Plaintiff advised Weiser that they would begin construction and repairs on the Property.

35. Plaintiff was also in constant contact with Weiser, attempting to get Weiser to submit all of their claim documents, files, and photographs to State Auto.

4

36. Weiser first-hand witnessed the full extent of the damages on the Property and what repairs were required to make the Property a fully functioning restaurant once again.

37. Plaintiff even sent Weiser a full breakdown of their construction costs on January 29, 2019.

38. Upon receipt, Weiser confirmed that Plaintiff had provided the appropriate documentation of their costs.

39. In March 2019, Weiser contacted State Auto to follow up on Plaintiff's claim.

40. Plaintiff provided additional documentation and photographs regarding their claim to State Auto and Weiser.

41. However, State Auto denied receiving any documentation or photographs from Weiser.

42. At this time, State Auto began questioning the Property's damages and the required repairs.

43. State Auto mentioned that the repairs performed by Plaintiff were excessive compared to how Hurricane Harvey damaged the Property.

44. Based on State Auto's incorrect conclusion that the Property was not damaged over the amount of $34,551.53, State Auto refused to pay any additional sums on Plaintiff's claim.

45. To date, Plaintiff's damages sustained from Hurricane Harvey are well over $34,551.53.

46. The following list represents Plaintiff's damages calculated as of the date of this letter. Additional damages may be discovered still, including business losses associated with the Incident.

    a. $7,654.18 for the Property's patio

    b. $2,050.25 for damages to the Property's patio tables

    c. $15,915.00 for damages to the Property's electrical lights

    d. $12,574.00 for damages to the Property's Scanlin signs

    e. $29.946.60 for damages to the Property's ceilings and walls

    f. $6,288.00 for damages to the Property's roof

  g. $21,639.00 for miscellaneous damages and repairs, including plumbing, tile, framing, and painting work on the Property

  h. $3,746.65 for HVAC repairs on the Property

  i. $14,126.50 paid by Plaintiff for employees' wages when employees were unable to work

  j. $70,000.07 in direct business losses due to restaurant being unable to operate

  k. ***Total: $183,940.88***

47. It is clear that Weiser failed to represent Plaintiff's best interests throughout their claim for the Incident.

48. Weiser has damaged Plaintiff's business and interfered with Plaintiff's ability to reestablish themselves.

49. Had Weiser proactively assisted Plaintiff with their claim and kept State Auto, it is doubtful that State Auto would have denied their claim.

50. Regardless of Weiser's actions, State Auto has failed to properly compensate Plaintiff for their claim and Plaintiff demands that State Auto fully compensate Plaintiff.

## VII. COUNT I– BREACH OF CONTRACT

51. Plaintiff incorporates all of the previous paragraphs by reference.

52. Plaintiff and State Auto entered into an insurance policy whereby State Auto agreed to insure Plaintiff's Property in exchange for Plaintiff's payment of the insurance policy. Plaintiff and Weiser entered into a contract whereby Weiser would act as Plaintiff's agent and represent Plaintiff's interests in dealing with Plaintiff's insurance claims.

53. State Auto breached the contract by failing to cover the costs associated with fully remediating and repairing the Property. Weiser breached the contract by failing to represent Plaintiff's interests and by failing to provide appropriate documentation to State Auto.

54. State Auto and Weiser's breach caused injury to Plaintiff in the amount of at least $200,000.00.

55. **ATTORNEY'S FEES.** Plaintiff is entitled to recover reasonable and necessary attorney's fees under Texas Civil Practice and Remedies Code § 38.001(8). Plaintiff has abided by the procedure found in Texas Civil Practice and Remedies Code § 38.002. Plaintiff is also entitled to recover reasonable and necessary attorney's fees for any appeals.

### VIII. COUNT II- TEXAS DECEPTIVE TRADE PRACTICES ACT VIOLATIONS

56. Plaintiff incorporates all of the previous paragraphs by reference.

57. Plaintiff is a consumer, as they purchased insurance from Defendants.

58. Defendants are defendants who may be sued under the DTPA.

59. Defendants committed a wrongful act under Texas Business & Commerce Code § 17.50(a). Defendants engaged in a false, misleading, or deceptive act or practice included in the DTPA "laundry list" under Texas Business & Commerce Code § 17.46(b) that Plaintiff detrimentally relied on. To wit, Defendants engaged in the following conduct:

   a. caused confusion or misunderstanding as to the source, sponsorship, approval, or certification of goods or services; TEX. BUS. & COMM. CODE § 17.46(B)(2);
   b. caused confusion or misunderstanding as to affiliation, connection, or association with, or certification by, another; TEX. BUS. & COMM. CODE § 17.46(B)(3);

7

c. represented that goods or services had sponsorship, approval, characteristics, ingredients, uses, benefits, or quantities which they did not have; Tex. Bus. & Comm. Code § 17.46(b)(5);

d. represented that goods or services were of a particular standard, quality, or grade, or that goods are of a particular style or model, when they were of another; Tex. Bus. & Comm. Code § 17.46(b)(7);

e. advertised goods or services with intent not to sell them as advertised; Tex. Bus. & Comm. Code § 17.46(b)(9);

f. represented that an agreement conferred or involved rights, remedies, or obligations which it did not have or involve, or which were prohibited by law; Tex. Bus. & Comm. Code § 17.46(b)(12);

g. knowingly made false or misleading statements of fact concerning the need for parts, replacement or repair service; Tex. Bus. & Comm. Code § 17.46(b)(13);

h. represented that a guaranty or warranty confers or involves rights or remedies which it does not have or involve; Tex. Bus. & Comm. Code § 17.46(b)(20);

i. represented that work or services had been performed on, or parts replaced in, goods when the work or services were not performed or the parts replaced; Tex. Bus. & Comm. Code § 17.46(b) (22); and

j. failed to disclose information concerning goods or services which was known at the time of the transaction when such failure to disclose such information was intended to induce Plaintiff into a transaction into which Plaintiff would not have entered had the information been disclosed; Tex. Bus. & Comm. Code § 17.46(b)(24).

60. Defendants also committed unconscionable actions or courses of action under Texas Business and Commerce Code § 17.50(a)(3).

61. Defendants' violations of the DTPA were a producing cause of Plaintiff's damages in an amount no less than $200,000.00.

62. **DEFENDANTS ACTED KNOWINGLY.** Defendants knowingly violated the DTPA because at the time of the act or practice complained of, Defendants acted with actual awareness of the falsity, deception, or unfairness of the act or practice under Texas Business & Commerce Code § 17.45(9).

63. **DEFENDANTS ACTED INTENTIONALLY.** Defendants intentionally violated the DTPA because Defendants had actual awareness of the falsity, deception, or unfairness of the act or practice, or the condition, defect, or failure constituting a breach of warranty giving rise to the Plaintiff's claim, coupled with the specific intent that the Plaintiff act in detrimental reliance on the falsity or deception or in detrimental ignorance of the unfairness under Texas Business & Commerce Code § 17.45(13).

64. **ATTORNEY'S FEES.** Plaintiff is entitled to recover reasonable and necessary attorney's fees under Texas Business & Commerce Code § 17.50(d). Plaintiff is entitled to recover reasonable and necessary attorney's fees for any appeals.

## IX.   COUNT III- COMMON LAW FRAUD

65. Plaintiff incorporates all of the previous paragraphs by reference.

66. Defendants made representations to Plaintiff regarding the insurance sold and provided by Defendants for Plaintiff's Property.

67. The representations made by Defendants were material and integral to Plaintiff in purchasing insurance from Defendants.

9

68. The representations made by Defendants were false because the insurance did not provide relief that Defendants represented it would have.

69. When Defendants made the representations, Defendants either knew those representations were false or made the representations recklessly, as a positive assertion, and without knowledge.

70. Defendants intended for Plaintiff to rely upon their representations.

71. Plaintiff did indeed rely on Defendants' representations.

72. Defendants' representations caused injury to Plaintiff in an amount no less than $200,000.00.

### X.  COUNT IV- VIOLATIONS OF TEXAS INSURANCE CODE

73. Plaintiff incorporates all of the previous paragraphs by reference.

74. Defendants violated Texas Insurance Code §§ 541.051-.061, 541.151-.152, which prohibit unfair insurance practices.

75. Defendants violated the requirements of Tex. Ins. Code Ann. §§ 542.051-.061 by failing to accept or reject Plaintiff's claim or give Plaintiff notice within the required time limits.

76. Specifically, Defendants misrepresented the terms and benefits of the insurance policy sold to Plaintiff; did not, in good faith, effectuate a prompt, fair and equitable settlement; failed to provide anything in writing regarding the basis for their refusal to pay for damages covered by Plaintiff's insurance policy; failed to properly investigate the claims of the Plaintiff; and acted in bad faith in denying Plaintiff's claims.

77. Based on the facts stated herein and any other information presented to this court, Defendants' actions were a direct and proximate cause of the damages Plaintiff suffered.

### XI.  COUNT V- BREACH OF FIDUCIARY DUTY

78. Plaintiff incorporates all of the previous paragraphs by reference.

79. Weiser owed Plaintiff a fiduciary duty as Plaintiff's agent.

80. Weiser intentionally breached their fiduciary duty by providing false representations to Plaintiff.

81. Weiser failed to act in all instances on behalf of Plaintiff.

82. Weiser's breach of fiduciary duty has both injured Plaintiff and benefitted Weiser.

83. Plaintiff hired Weiser as their insurance agent to assist and manage their insurance claims, something which Weiser failed to do.

84. Weiser's breach of their fiduciary damaged Plaintiff in an amount in excess of $200,000.00.

85. Plaintiff now seeks to recover economic damages including out-of-pocket losses, loss of the Property, and exemplary damages for Weiser's intentional behavior.

## XII.     COUNT VI- REQUEST FOR DECLARATORY RELIEF

86. Plaintiff incorporates all of the previous paragraphs by reference.

87. Pursuant to the Texas Civil Practice and Remedies Code Chapter 37, Plaintiff seeks a declaratory judgment from this Court.

88. Plaintiff seeks to settle and to afford relief from uncertainty and insecurity with respect to rights, status, and other legal relations.

89. Plaintiff seeks a declaration of the following:

   a. That State Auto's insurance policy on the Property was required to cover Plaintiff's damages and claim on the Property.

90. **ATTORNEY'S FEES.** Plaintiff is entitled to recover attorney's fees from State Auto as such fees are deemed equitable and just. TEX. CIV. PRAC. & REM. CODE § 37.009.

### XIII. DISCOVERY RULE/FRAUDULENT CONCEALMENT

91. Plaintiff incorporate all of the previous paragraphs by reference.

92. The discovery rule must be applied to the statute of limitations to Plaintiff's causes of action if Defendants plead the affirmative defense of statute of limitations.

93. As such, the statute of limitations for Plaintiff's causes of action must be tolled until such time Plaintiff discovered or in the exercise of reasonable diligence should have discovered Defendants' wrongful acts.

94. Plaintiff requests that the factfinder provide a finding on Plaintiff's invocation of the discovery rule if Defendants plead the affirmative defense of statute of limitations.

95. Defendants also fraudulently concealed their refusal to comply with Plaintiff's request for coverage and assistance with their claim, entitling Plaintiff to defer their causes of actions' accrual period until Plaintiff discovered or should have discovered Defendants' deceitful conduct or facts giving rise to Plaintiff's causes of action.

96. Defendants had actual knowledge of the defects, Defendants concealed the defects by making a misrepresentation to Plaintiff and/or remaining silent when Defendants had a duty to speak, Defendants had a fixed purpose to conceal the defects, and Plaintiff reasonably relied on Defendants' misrepresentations and/or silence.

### XIV. CONSPIRACY

97. Plaintiff incorporates all of the previous paragraphs by reference.

98. Defendants provide insurance to Plaintiff's Property and represented they would insure Plaintiff's Property.

99. Defendants acted jointly in falsely representing that Plaintiff's Property was adequately insured and that coverage would be provided for the Property.

100. The objection of Defendants' combination was to accomplish an unlawful purpose or a lawful purpose by unlawful means.

101. Defendants' had a meeting of the minds on the object or course of action.

102. Defendants' committed an unlawful, overt act to further the object or course of action. Defendants' overt acts include, but are not limited to, representing that the Property would be fully insured and covered against loss.

103. Plaintiff suffered injury as a proximate result of Defendants' wrongful acts; to wit, loss of use the Property, mental anguish, repair and remediation costs to the property, and additional damages.

104. Plaintiff seeks to hold Defendants jointly and severally liable for their unlawful acts.

### XV.  REQUEST FOR EXEMPLARY DAMAGES

105. Plaintiff incorporates all of the previous paragraphs by reference.

106. Pursuant to Texas Civil Practice and Remedies Code Chapter 41, Plaintiff seeks an award of exemplary damages against Defendants.

107. Plaintiff seeks an award of exemplary damages against Defendants for their fraud committed against Plaintiff.

108. Defendants' conduct was outrageous, malicious, or otherwise morally culpable, entitling Plaintiff to an award of exemplary damages to deter such conduct in the future.

### XVI.  JURY DEMAND

109. Plaintiff demands a jury trial in this case pursuant to Texas Rule of Civil Procedure 216 and tenders the appropriate fee with this petition.

13

## XVII. CONDITIONS PRECEDENT

110. All conditions precedent to Plaintiff's claim for relief have been performed or have occurred.

## XVIII. PRAYER

111. For these reasons, Plaintiff asks that the Court issue citations for Defendants to appear and answer, and that Plaintiff be awarded a judgment against Defendants for the following:

a. Actual damages;

b. Prejudgment and postjudgment interest;

c. Court costs;

d. Attorney's fees;

e. Exemplary damages;

f. Additional DTPA damages and treble damages;

g. Expert costs;

h. Loss of use for the Property and its improvements;

i. Stigma damages to the Property;

j. Out of pocket damages;

k. Sunk costs;

l. The declaration requested by Plaintiff;

m. Cost of mitigation damages;

n. Cost of substitute performance damages;

o. Past and future mental anguish;

p. Joint and several liability for Defendants;

q. Partial destruction of personal property- cost of repair and loss of use during repair; and

r. And all other relief to which Plaintiff is entitled.

> Respectfully submitted,
>
> **THE WELSCHER MARTINEZ LAW FIRM**
>
> /s/ Nicholas Martinez
> Craig Welscher
> TBN: 21167200
> Nicholas T. Martinez
> TBN: 24087986
> 1111 North Loop West, Suite 702
> Houston, Texas 77008
> Phone. No.: (713) 862-0800
> Facsimile No.: (713) 862-4003
> Email: nmartinez@twmlawfirm.com
> ATTORNEY FOR PLAINTIFFS

15